Municipal Assembly of Lajas, Complainant and Appellee, v.
Aurelio Ramírez Ramírez, Respondent and Appellant.

No. 11.   Argued March 15, 1944.—Decided April 26, 1944.

*Enrique Báez García* for appellant.   *Bolívar Pagán* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

On February 2, 1944, the Municipal Assembly of Lajas adopted a resolution whereby it preferred the following charges against the Mayor of that city:

"The Mayor of Lajas, Mr. Aurelio Ramírez Ramírez, acting as said mayor in the town hall of Lajas, asked and demanded, on July 1, 1942, the municipal employee, Mr. Julio Ortiz Morales, to deliver to Mayor Ramírez for his personal use, threatening to remove him from his employment if he failed to do so, the amount of $15 out of the monthly salary of $50 which said Julio Ortiz Morales earned as clerk in the office of the Treasurer-School Director of the Municipality of Lajas, and that said employee Julio Ortiz Morales being thus threatened delivered to said Mayor Aurelio Ramírez Ramírez for his personal use the amount of $15 monthly out of his monthly salary of $50, from July 1, 1943, until August 31, 1943, during which time he filled said position of clerk."

On February 10, 1944, the Municipal Assembly of Lajas held a session called especially to hear the charges preferred against Mayor Ramírez. After dismissing a motion for suspension filed by the defendant, the assembly proceeded to introduce evidence and hear the oral arguments of defendant's counsel. On that same day, the municipal assembly adopted a resolution wherein it found the charge proved and decreed defendant's removal from his office of Mayor of Lajas. Feeling aggrieved by said order, the defendant has taken the present appeal to this court pursuant to the provisions of §29 of the Municipal Law.

Among the various questions raised by the appellant, there is one which by itself is sufficient ground for the reversal of the order appealed from.

The appellant alleges that the assembly was illegally called and constituted because the call was signed by Mr. José Miguel Toro, President of the Assembly who, since November 10, 1943, was acting as Mayor of Lajas, after Mayor Ramírez was suspended from office and pay; and that under these circumstances, the power to call the assembly could only be exercised by the vice-president, as acting president of said body.

Section 29 of the Municipal Law provides that, in order to hear and decide any accusation presented against the mayor, the municipal assembly "may meet upon call of its president."

The appellant contends that since the President, Mr. Toro, was temporarily acting as mayor, he could not act at the same time as president of the assembly to sign the call. And in support of his contention he relies on our decision in *Municipal Assembly* v. *González, Mayor*, 55 P.R.R. 526, 545, where it was held as follows:

"When the mayor was suspended from his office and salary, he was substituted in office by the president of the assembly. Since the president acted as mayor, he was substituted *for all legal purposes*

as president of the assembly *by the vice-president thereof.*[*] There-
fore, the latter acted, with jurisdiction in calling the assembly to
session since at that moment he did not act as vice-president but as
acting president of the said body.'' (Italics ours.)

The question to be determined is whether the president
of a municipal assembly, who is acting as mayor, is author-
ized to call the assembly for a session in order to hear and
decide charges against the mayor, or whether the call should
be made by the vice-president of the assembly. In *Munici-
pal Assembly* v. *González, supra,* it was held that the vice-
president who signed the call acted with jurisdiction ''since
at that moment he did not act as vice-president but as act-
ing president of said body.''

Is the president of the assembly estopped from acting as
such by the mere fact that he temporarily discharges the
duties of mayor? We are of that opinion. From the mo-
ment that the president of the assembly takes charge of the
office of mayor and fulfills the duties inherent to the post of
chief executive of the municipal government, he stops being
president of the assembly and the powers and duties of that
office are delegated under the law to the vice-president of
the assembly for all legal purposes. In our opinion there
is a manifest incompatibility between the executive functions
of the mayor and the legislative functions of a member or
president of the municipal assembly. We believe that it is
contrary to proper administrative practice for the duties of
both offices to be discharged by the same person at the same
time. It seems proper to decide, and we do decide, that in
case of incapacity or absence of the president it is incum-
bent on the vice-president to sign the call as acting president.
In the case at bar the acting mayor did not confine himself
to signing the call. He presided at the assembly and took
active part in the proceedings against the defendant-appel-
lant and in the voting for the order appealed from. In view

---

[*] Correction of the original English text.

454

of the fact that the assembly was illegally called and constituted, the same lacked jurisdiction to hear and decide the charges brought against the appellant mayor.

The resolution appealed from is therefore reversed.